**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4362**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CARLOS SANCHEZ-GARCIA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:16-cr-00214-FDW-DSC-1)

Submitted:  March 29, 2018                                      Decided:  April 2, 2018

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

T. Richmond McPherson III, MCGUIREWOODS, LLP, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Sanchez-Garcia pled guilty, pursuant to a written plea agreement, to conspiracy to produce fraudulent identification documents, 18 U.S.C. § 1028(f), (b)(1) (2012); aggravated identity theft, 18 U.S.C. § 1018A(a)(1) (2012); and unlawful possession of a firearm by an alien, 18 U.S.C. § 922(g)(5) (2012), and was sentenced to a total term of 54 months' imprisonment. Sanchez-Garcia noted a timely appeal. Counsel for Sanchez-Garcia has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Sanchez-Garcia received ineffective assistance of counsel.[*] Although advised of his right to file a pro se supplemental brief, Sanchez-Garcia has not done so.

"Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance. Otherwise, the proper avenue for such claim is a 28 U.S.C. § 2255 [(2012)] motion filed with the district court." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (internal citation omitted). We find that ineffectiveness does not conclusively appear on the face of the record. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Sanchez-Garcia, in writing, of the

---

[*] Sanchez-Garcia's counsel also questions the validity of the appeal waiver in the plea agreement. Because the Government does not seek to enforce the waiver, and we will not enforce the waiver sua sponte, we have reviewed the case in accordance with *Anders*. *See United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012).

right to petition the Supreme Court of the United States for further review. If Sanchez-Garcia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanchez-Garcia. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*